

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 19  PM 12: 32

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN GOODMAN, and his wife,**<br>**SILVIA GOODMAN** | **CIVIL ACTION**<br><br>**NO.** **06 - 3799** |
| **VERSUS** | **SECTION** |
| **FIDELITY NATIONAL INSURANCE COMPANY**<br>**ROBERT SHEARD INSURANCE AGENCY, INC.,**<br>**ROBERT SHEARD,**<br>**and ABC INSURANCE COMPANY** | **MAGISTRATE**<br><br>**SECT.K MAG4** |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, SEAN GOODMAN,

and his wife,   SILVIA GOODMAN, who respectfully submits the following:

### PARTIES

#### I.

Plaintiffs herein, SEAN GOODMAN, and his wife, SILVIA GOODMAN, are persons of

the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

#### II.

At all times pertinent herein, Plaintiffs owned residential property located at 11420 South

Easterlyn Court, New Orleans, Louisiana 70128, that was acquired on or about October 19, 2004.

-1-

Fee 350
Process
X Dktd
CtRmDep
Doc. No

III.

Made Defendant herein is FIDELITY NATIONAL INSURANCE COMPANY, a foreign insurance corporation, authorized and presently doing business in the Parish of Orleans, State of Louisiana, and a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968.

IV.

Made Defendant herein is ROBERT SHEARD INSURANCE AGENCY, INC., a Louisiana business corporation, authorized and presently doing business in the Parish of Orleans, State of Louisiana, who at all times relevant herein operated as an insurance agency representing Fidelity National Insurance Company and authorized to sell policies underwritten and/or provided by Fidelity National Insurance Company.

V.

Made Defendant herein is ROBERT SHEARD, who at all times relevant herein was a director and an insurance agent of ROBERT SHEARD INSURANCE AGENCY, INC., and who acted as an Agent/Producer in securing Plaintiffs' flood insurance policy in the amount of $240,000 on or about October 19, 2004, pursuant to Quote 939660.

VI.

Made Defendant herein, ABC INSURANCE COMPANY, who at all times pertinent herein was the Errors and Omissions carrier for Defendants, ROBERT SHEARD and ROBERT SHEARD INSURANCE AGENCY, INC. , whose name is unknown at this time but will be substituted upon ascertaining said name.

JURISDICTION

VII.

This Honorable Court has diversity jurisdiction under 28 U.S.C.A. § 1332 as the dispute is between citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS. Further, this Honorable Court has jurisdiction under 28 USCA § 1331 as the dispute involves a federal question. Further, this Honorable Court has pendent jurisdiction over the State causes of action herein which arose from a common nucleus of facts.

FACTS

VII.

On or about October 19, 2004, Plaintiffs procured flood insurance coverage in the amount of $240,000.00 through Defendants, Robert Sheard and Robert Sheard Insurance Agency, Inc., in connection with the purchase of their home at 11420 South Easterlyn Court, New Orleans, Louisiana, as part of the mortgage financing requirement. The policy was provided by Fidelity National Insurance Company, as a WYO Program carrier participating in the U.S. Government National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968..

IX.

On or about October 19, 2004, Defendants, Robert Sheard and Robert Sheard Insurance Agency, Inc., completed a Standard Flood Insurance Application pursuant to Fidelity National Insurance Company Quote Number 939660, that provided $240,000.00 of building coverage for the effective policy period from October 19, 2004 through October 19, 2005 in consideration of the total annual premium $285.00, as calculated and stated on the Application.

X.

Said policy provided building coverage only.  Contents coverage was not provided and was not discussed with Plaintiffs.  Notably, it is unknown why Defendants, Robert Sheard and Robert Sheard Insurance Agency, Inc. did not recommend and/or procure any personal property coverage in connection with the flood policy.

XI.

Further, on or about October 19, 2004, Plaintiffs signed said Standard Flood Insurance Application and remitted a payment in the amount of $285.00 as a required annual premium for the flood insurance policy to Defendants, receipt of which was acknowledged by Robert Sheard Insurance Agency, Inc.   Notably, said Application stated the Estimated Replacement cost of Building was $240,000.00.

XII.

On August 29, 2005, Hurricane Katrina caused severe and substantial damages to Plaintiffs' residence, including significant flood damages.   Specifically, the residence was inundated with approximately eight (8) feet of water, causing damages to the structure of the residence and Plaintiffs' personal property.

XIII.

On or about August 31, 2005, Plaintiffs reported a flood insurance claim for the flood damages sustained at the residence as a result of the Hurricane directly to Fidelity National Insurance Company.  However, Defendants informed Plaintiffs that Fidelity National Insurance Company policy had merely $75,000.00 of flood insurance coverage.  No explanation was provided as to the reason the flood insurance was significantly less than $240,000 initially purchased by Plaintiffs.

-4-

XIV.

Upon further inquiry into the reasons why the flood coverage was merely $75,000.00, as opposed to the $240,000.00 originally purchased by Plaintiffs, Plaintiffs were informed that the original premium amount was misquoted and/or miscalculated, and additional annual premium of $85.00 was required to secure $240,000.00 of flood insurance coverage.

XV.

Plaintiffs never received any notices of additional premium requirement for the flood insurance.  Further, Plaintiffs never received any notification of the flood insurance limits being reduced to $75,000.  Notably, Plaintiffs routinely visited Robert Sheard Insurance Agency, Inc. on a monthly basis to tender a payment for the homeowners insurance provided by Defendant.   The decrease in flood insurance coverage and/or erroneous premium amount was never discussed with Plaintiffs and/or brought to their attention at any of those visits.

XVI.

Furthermore, Defendants, Robert Sheard and Robert Sheard Insurance Agency, Inc., denied that they were at any time informed and/or notified through any medium regarding the decrease in Plaintiffs' flood insurance coverage, and/or error or miscalculation  in annual premium amount and/or insufficient premium payment for Plaintiffs flood insurance coverage.  Further, allegedly all client records and files located at Defendants' offices have been lost to the flood.

XVII.

As a result of Defendants' conduct and failure to maintain and/or provide flood insurance coverage in the original amount of $240,000.00, Plaintiffs are unable to complete repairs to their residence.

XVIII.

Furthermore, as a result of Defendants', Robert Sheard and Robert Sheard Insurance Agency, Inc., failure to recommend and procure contents coverage under the flood insurance policy in question, Plaintiffs are unable to replace any of the personal property damaged by the flood.

XIX.

Defendants breached their duty to Plaintiffs in failing to secure contents coverage pursuant to the NFIP Policy. Further, Defendants breached their duty to Plaintiffs in failing to inform them of the failure to procure coverage involving contents, the reduced coverage under the flood insurance policy, and/or erroneously quoted premium amount, and/or deficient premium to secure $240,000.00 coverage. In the further alternative, Defendants breached their duty to Plaintiffs in failing to inform Plaintiffs of contents coverage pursuant to the flood policy at issue.

XX.

Based on the conduct and action of Defendants, Plaintiff has the following causes of action against Defendants:

a)      breach of contract;

b)      breach of fiduciary duty of an insurance agent to the insured;

c)      breach of insurance contract;

d)      detrimental reliance;;

e)      tort liability action under La. C.C. 2315;

f)      misrepresentation;

g)      errors and omissions liability;

h)      other causes of action that will be determined at trial.

XXI.

Plaintiff is entitled to the following elements of damages for the causes of action previously mentioned against Defendants:

1)   original flood policy limits of $240,000 for building damages;

2)   full reimbursement and/or damages for personal property damaged by flood;

3)   full reimbursement of flood damages to structure;

4)   damages pursuant to Article 2315;

5)   attorney's fees;

6)   court costs;

7)   any relief which this Honorable Court deems fair and equitable.

XXII.

Plaintiffs request a trial by jury.

**WHEREFORE,** Plaintiff prays that Defendants be duly cited to appear and answer this Petition for Damages, and, after legal delays and due proceedings had, there be judgment herein in favor of Plaintiffs, SEAN GOODMAN, and his wife, SILVIA GOODMAN, and against Defendants, FIDELITY NATIONAL INSURANCE COMPANY, ROBERT SHEARD INSURANCE AGENCY, INC., ROBERT SHEARD, and ABC INSURANCE COMPANY, in a reasonable amount to be determined by this Honorable Court for the damages sustained by

Plaintiff, together with special damages, penalties, court costs, attorneys fees, together with legal interest from date of judicial demand and for all general and equitable relief.

Respectfully submitted,

J. DOUGLAS SUNSERI (#19173)
DAWN DANNA MARULLO (#28011)
SVETLANA "LANA" CROUCH (#29814)
NICAUD, SUNSERI & FRADELLA, L.L.C.
A Group of Professional Corporations
3000 18TH Street
Metairie, Louisiana 70002
Telephone: (504) 837-1304

Attorneys for Plaintiffs,
SEAN GOODMAN and SILVIA GOODMAN

-8-