UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEAN GOODMAN, and his wife, | * | |
| SILVIA GOODMAN | * | CIVIL ACTION NO.:   06-3799 |
| | * | |
| versus | * | |
| | * | JUDGE: S. DUVAL, JR. |
| FIDELITY NATIONAL INSURANCE | * | |
| COMPANY, ROBERT SHEARD | * | |
| INSURANCE AGENCY, INC., | * | MAG. JUDGE: K. ROBY |
| ROBERT SHEARD, and ABC | * | |
| INSURANCE COMPANY | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

## **ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant Fidelity National Insurance Company, (hereinafter "Fidelity") a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA"), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the federal treasury,[3] and files the following as its Answer and

---

[1]  44 C.F.R. §62.23(f).

[2]  42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3]  42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

Affirmative Defenses to the Plaintiffs' Complaint. Defendant respectfully avers as follows:

1. The allegations contained in paragraph I of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

2. The allegations contained in paragraph II of the Plaintiffs' Complaint are admitted upon information and belief. Answering further, it is believed that Plaintiffs had a mortgage on the property as well.

3. The allegations contained in paragraph III of the Plaintiffs' Complaint are admitted only to the extent that at all material times herein Fidelity was acting in its capacity as a Write-Your-Own carrier participating in the U.S. Government's NFIP. Otherwise, denied.

4. The allegations contained in paragraph IV of the Plaintiffs' Complaint are denied as written. Answering further, the independent insurance agent acts for the insured, not Fidelity pursuant to 44 C.F.R. §61.5(e). Furthermore, there is no "underwriting" of a Standard Flood Insurance Policy ("SFIP") as Defendant understands that term.

5. The allegations contained in paragraph V of the Plaintiffs' Complaint are admitted only insofar as Robert Sheard Insurance Agency, Inc. is the agency involved in the application and procurement of Plaintiffs' SFIP by and through Fidelity. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

6. The allegations contained in paragraph VI of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

7. The allegations contained in paragraph VII of the Plaintiffs' Complaint are admitted. Answering further, this Honorable Court will have to analyze federal laws, rules and regulations, along with the Appropriations, Commerce and Supremacy clauses of the U.S. Constitution in order

to resolve Plaintiffs' claims for damages in this matter involving the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*). Therefore it is clear that there is federal question jurisdiction pursuant to 28 U.S.C. §1331. It is admitted that the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state-law-based claims alleged in Plaintiffs' Complaint.

Answering further, Plaintiffs have also plead a breach of contract claim under the SFIP. See paragraph XX (c) of the Plaintiffs' Complaint. Therefore, there is original exclusive subject-matter jurisdiction over the claims of the Plaintiffs in the United States District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. §4072. This also gives rise to federal question jurisdiction pursuant to 28 U.S.C. §1331. Additionally, as Plaintiffs' have plead claims arising from the NFIA, an act of Congress regulating commerce, there is federal jurisdiction over this case pursuant to 28 U.S.C. §1337. Finally, as Plaintiffs have sued Fidelity as its capacity as FEMA's fiduciary and fiscal agent, there is jurisdiction over this matter pursuant to 28 U.S.C. §1442(a).

8. The allegations contained in paragraph VIII (erroneously labeled by Plaintiffs as "VII" a second time) of the Plaintiffs' Complaint are admitted only insofar as Plaintiffs applied for a SFIP with building coverage amount of $240,000, and no contents coverages were applied for, for their property as alleged in paragraph VII. It is denied that the Plaintiffs were issued a policy with $240,000 in building coverage. It is admitted that Fidelity was acting as a WYO Program carrier. Any remaining allegations are denied.

9. As to the allegations contained in paragraph IX of the Plaintiffs' Complaint, it is admitted that Plaintiffs did submit an application with the assistance of the Robert Sheard Insurance Agency, Inc. for a SFIP for $240,000 in building coverage by and through Fidelity. It is also admitted that the SFIP policy term was to run from October 19, 2004 through October 19, 2005 as alleged. Any

remaining allegations are denied. Answering further, as per the application dated October 19, 2004 signed by the Plaintiff, the total premium due for the $240,000 in building coverage only was the amount of $374.00 (three hundred seventy-four dollars), not $285.00 (two-hundred eighty-five dollars) as alleged.

10. The allegations contained in paragraph X of the Plaintiffs' Complaint are admitted only in that Plaintiffs applied for building coverage only under the SFIP at issue. It is also admitted that no contents coverage was applied for by the Plaintiffs or in force and effect for the date of loss at issue under the SFIP at issue. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, the application signed by Sean Goodman clearly shows that it is an application for building coverage only.

11. The allegations contained in paragraph XI of the Plaintiffs' Complaint are admitted only insofar as Plaintiffs did submit an application for a flood insurance policy seeking $240,000 in building coverage, and did pay the $285.00 as requested by Robert Sheard. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, the total premium due for the $240,000 in coverage as sought was $374.00 as per the application signed by the Plaintiffs, not $285.

12. The allegations contained in paragraph XII of the Plaintiffs' Complaint are admitted only insofar as Plaintiffs had flood damage as a result of Hurricane Katrina. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, upon information and belief, Plaintiffs had less than 4 feet of water in their building, not 8 feet as alleged.

13. The allegations contained in paragraph XIII of the Plaintiffs' Complaint are admitted

insofar as Plaintiffs did attempt to make a flood insurance claim with Fidelity, and that Plaintiffs' SFIP only had coverage in the amount of $75,600 for building damages. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, Plaintiffs applied for, but did not pay enough premium to receive $240,000 in building coverage, and the declarations page issued to the Plaintiffs for the SFIP showed that they only had $75,600 in building coverage.

14. The allegations contained in paragraph XIV of the Plaintiffs' Complaint are admitted in that not enough premium was submitted to purchase the dollar amount of coverages applied for on the application signed by the Plaintiffs. Any remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, Plaintiffs never had $240,000 in building coverage under their SFIP - they only had $75,600 and knew or should have known for almost one year prior to the loss at issue that they only had $75,600 in building coverage and no contents coverage.

15. The allegations contained in paragraph XV of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, the application signed by the Plaintiff showed that the premium due for $240,000 in building coverage was more than $285, and the declarations page issued showed that they only had $75,600 in building coverage.

16. The allegations contained in paragraph XVI of the Plaintiffs' Complaint are denied. Any allegations concerning destruction of the co-defendants' records are denied for lack of sufficient information or knowledge to justify a belief therein.

17. The allegations contained in paragraph XVII of the Plaintiffs' Complaint are denied.

18. The allegations contained in paragraph XVIII of the Plaintiffs' Complaint are not directed at Fidelity and do not appear to require an answer. However, out of an abundance of caution, are denied for lack of sufficient information or knowledge to justify a belief therein. Answering further, the application signed by the Plaintiffs and the declarations page showed that no contents coverage was applied for or issued under the SFIP.

19. The allegations contained in paragraph XIX of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

20. The allegations contained in paragraph XX of the Plaintiffs' Complaint are denied, including all subparts thereto.

21. The Defendant denies that Plaintiffs are entitled to any of the relief sought against Fidelity in paragraph XXI of the Complaint, including subparts 1-7 therein.

22. The Defendant denies that Plaintiffs are entitled to a jury trial as it relates to Fidelity and will contest the same.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which this Honorable Court may grant relief.

### SECOND DEFENSE

Plaintiffs' claims are time barred pursuant to the applicable statute of limitations, including but not limited to La. R.S. 9:5606.

### THIRD DEFENSE

Plaintiffs failed to submit the requisite premium for the amount of building coverage

requested and as applied for on October 19, 2004, and the application signed by the Plaintiff clearly shows that no contents coverage was applied for by the Plaintiffs. A request for the extra $85 needed for the $240,000 in coverages was sent out, but the requested extra premium was not submitted. As such, federal law mandated that the policy be issued only with enough coverage that could be purchased for the amount of money actually submitted along with the application (that being $285), resulting in the SFIP being issued with only $75,600 in building coverage. At no time did the Plaintiffs ever have $240,000 in building coverage under their SFIP, and they never applied for contents coverage.

## FOURTH DEFENSE

The SFIP is itself a codified federal law found in its entirety at 44 C.F.R. Pt. 61, App. A(1)(2004 edition). The amounts of building coverage and contents coverage available are published in the Code of Federal Regulations in 44 C.F.R. §61.6. All persons are charged with knowledge of the published federal laws, rules and regulations, including the SFIP and the terms and conditions for procuring specific dollar amounts of coverage. See also Louisiana Civil Code Article 5. The risk premium rates are also published in the C.F.R. Plaintiffs therefore knew or should have known that the amount of coverage desired by them could not be purchased for the amount of premium submitted by them.

## FIFTH DEFENSE

No part, provision or requirement of the SFIP may be waived, altered or amended by this Defendant. Only the Federal Insurance Administrator may issue any type of a waiver and it must be submitted in writing. See 44 C.F.R. 61.13(d) and Art. VII (D) of the SFIP itself. No evidence of any waiver such that any greater amounts could be paid to the Plaintiffs has been presented.

## SIXTH DEFENSE

Only federal law controls the SFIP, claims and claims handling related issues. State law does not govern how a SFIP, which represents an obligation upon the U.S. Treasury, may be issued. See e.g., Art. IX of the SFIP itself.

## SEVENTH DEFENSE

The named insured must submit the correct premium along with the application for the amount of coverage requested. Plaintiff failed to do so. See 44 C.F.R. §§61.5(b);61.11, and Art. I of the SFIP. See also Art. II, Definition of "Application". See also the application signed by the Plaintiffs showing the total premium due is $374.00.

## EIGHTH DEFENSE

The SFIP is not a valued policy as per Article II of the SFIP.

## NINTH DEFENSE

Plaintiffs never applied for, nor submitted any premium for contents coverage, and had no contents coverage at the time of the loss. Plaintiffs

## TENTH DEFENSE

The Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution and the Separation of Powers Doctrine prohibit payment of Plaintiffs' claims in a manner not sanctioned by federal law.

## ELEVENTH DEFENSE

Out of an abundance of caution, and in the event that Plaintiffs are pursuing increased costs of compliance benefits under the terms of their SFIP for up to $30,000 in accordance with Article III, Coverage D of the SFIP, and are also seeking to have $240,000 in coverage for their building put

in force and effect under the terms of the SFIP at issue, Plaintiffs recovery cannot exceed the statutory maximum of $250,000 between building coverage and increased costs of compliance coverage in accordance with Article III, Coverage D of the SFIP.

TWELFTH DEFENSE

Out of an abundance of caution, and because Defendant does not know exactly what damages the Plaintiffs are seeking recovery for in the instant matter, Defendant asserts the following provisions of the SFIP as affirmative defenses:

- Article IV sections (6),(8),(9) and (12);
- Article V, section (A) and all subparts thereto; section (C) and all subparts thereto, section (D) and all subparts thereto and section (F).

As further discovery may warrant and require, Defendant reserves the right to assert additional exclusions or limitations on coverage.

THIRTEENTH DEFENSE

To the extent that Plaintiffs have sought and obtained payments for wind damages or other types of damage from any other policies of insurance, or from any other sources either prior to, during or subsequent to the initiation of this lawsuit, Defendant is entitled to an offset and credit for any amounts paid.

FOURTEENTH DEFENSE

Defendant pleads Article VII (G) of the SFIP and all subparts as an affirmative defense.

FIFTEENTH DEFENSE

Out of an abundance of caution, Defendant pleads Article VII (J)(4) through (8) as affirmative defenses. Defendant also asserts that Article VII(J)(9) of the SFIP is applicable only

where the value of the claim is $7,500 or less, and Plaintiffs' claim exceeds $7,500. In any event, Plaintiff did not comply with Article VII(J)(9).

SIXTEENTH DEFENSE

Defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Defendant's logo. Defendant agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency. Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority.

SEVENTEENTH DEFENSE

The question of whether the Plaintiff is entitled to anything, and if so how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the Standard Flood Insurance Policy which is set forth at 44 C.F.R. Part 61, Appendix A(1), together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

EIGHTEENTH DEFENSE

The SFIP in question in this lawsuit was written by the United States Government (not this Defendant), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Part 61, Appendix A(1). As the federal government is the ultimate underwriter of the National Flood

Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of the Plaintiffs' allegations premised upon state law provisions, including but not limited to the prayer for attorney's fees, are completely preempted, unfounded and inapplicable.

NINETEENTH DEFENSE

Any mortgage company must be listed as an additional named payee as per Article VII (Q) of the SFIP.

TWENTIETH DEFENSE

Plaintiff failed to comply with "all" of the terms of the Policy as required as Article VII(R). As such, Plaintiffs may not have the ability to pursue the instant litigation.

TWENTY-FIRST DEFENSE

All state-law-based extra-contractual claims are preempted and barred by federal constitutional, regulatory and statutory law.

TWENTY-SECOND DEFENSE

The independent insurance agent acts for the insured and does not act for Fidelity. Any representations regarding the extent and scope of coverage which are inconsistent with the terms of the SFIP of the Plaintiffs are void as a matter of federal law. See 44 C.F.R. 61.5(e).

TWENTY-THIRD DEFENSE

Given the various federal principles outlined within this Answer, Defendant asserts that not only do the Plaintiffs have no viable claim for relief against this Defendant, but in addition, Plaintiffs have no viable claim for relief against the agent. However, in the alternative, Defendant asserts that any claim of imputed fault where Plaintiffs allege that Defendant should be cast in judgment under

any theory of imputed fault arising under state law for the acts or omissions of the agent, is precluded by federal law. Federal law establishes a line of demarcation separating the WYO carrier from the agent for these purposes. As a matter of federal law, the WYO carrier is the fiscal agent and fiduciary of the United States, while the agent acts for the insureds. See 42 U.S.C. §4071(a)(1), 44 C.F.R. §61.5(e), and 44 C.F.R. §62.23(f).

### TWENTY-FOURTH DEFENSE

Federal law expressly invalidates all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law. See also 44 C.F.R. §61.13(e).

### TWENTY-FIFTH DEFENSE

Federal law clearly provides that for a person to obtain an SFIP and thereby to participate in this program, they must submit an application on a form approved by FEMA, and, they must pay the full amount of premium in advance of the policy term. In addition, except in limited circumstances provided for by federal law, all of this must happen more than 30 days before the loss occurs. Given that the Plaintiffs neither allege nor can prove these conditions precedent to the issuance of a federally backed National Flood Insurance Program Standard Flood Insurance Policy, Plaintiffs can establish no claim whatsoever, regardless of whether their claim is couched in tort or in contract.

### TWENTY-SIXTH DEFENSE

Pursuant to the Appropriations Clause, no recovery may be allowed the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have

no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

TWENTY-SEVENTH DEFENSE

Plaintiffs did not rely on any alleged misrepresentations of any Defendant or anyone for whom they might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedent bars such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

TWENTY-EIGHTH DEFENSE

There was no meeting of the minds to form a contract by and between the parties. As such, the SFIP is void and Plaintiffs must return all amounts of U.S. Treasury benefits to which they are not entitled.

TWENTY-NINTH DEFENSE

There was no duty owed by this Defendant to the Plaintiffs that gives rise to any claim; no breach of any duty by this Defendant; no causation and no damages can be attributable to this Defendant.

## THIRTIETH DEFENSE

The Defendant is entitled to an offset for the percentage of liability and comparative fault attributable to the acts, errors or omissions of the Plaintiffs, the co-defendants and any third party.

## CONCLUSION

WHEREFORE Fidelity prays that all claims of the Plaintiffs against Fidelity National Insurance Company will be dismissed with prejudice and with all costs taxed to the Plaintiffs.

Respectfully submitted,
NIELSEN LAW FIRM, L.L.C.

/s/ *Thomas C. Pennebaker*
GERALD J. NIELSEN, La. S.B. 17078
THOMAS C. PENNEBAKER, LA.S.B.24597
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500/ Fax (504) 832-9165
Email: gjnielsen@aol.com and
   tpennebaker@nielsenlawfirm.com
Counsel for Defendant: Fidelity National
   Insurance Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon all counsel of record by electronic filing, from Metairie, Louisiana, this 29th day of August, 2006.

J. Douglas Sunseri, Esq.
Dawn Danna Marullo, Esq.
Svetlana "Lana" Crouch, Esq.
Nicaud, Sunseri & Fradella, LLC
3000 18th Street
Metairie, LA 70002

BY:/s/ *Thomas C. Pennebaker*