## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**************************************

| | | |
|---|---|---|
| SEAN GOODMAN, and his wife, | * | |
| SILVIA GOODMAN | * | CIVIL ACTION NO.: 06-3799 |
| | * | |
| Versus | * | |
| | * | JUDGE: S. DUVAL, JR. |
| FIDELITY NATIONAL INSURANCE | * | |
| COMPANY, ROBERT SHEARD | * | |
| INSURANCE AGENCY, INC, | * | MAG. JUDGE: K. ROBY |
| ROBERT SHEARD, and ABC | * | |
| INSURANCE COMPANY | * | |

**************************************

### DEFENDANTS ROBERT SHEARD INSURANCE AGENCY, INC. AND ROBERT SHEARD'S ANSWER TO ORIGINAL AND SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come defendants Robert Sheard Insurance Agency, Inc., and Robert Sheard (collectively, defendants) and for their answer to the Complaint of plaintiffs Sean Goodman and his wife Sylvia Goodman respectfully respond as follows:

### ANSWER TO ORIGINAL COMPLAINT FOR DAMAGES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

And now answering the allegations of the Complaint more particularly, your defendants respond as follows:

I.

The allegations of Paragraph I are denied for lack of information to justify a belief therein.

II.

The allegations of Paragraph II are denied for lack of information to justify a belief therein.

III.

The allegations of Paragraph III are denied for lack of information to justify a belief therein.

IV.

The allegations of Paragraph IV are denied except to admit that defendant Robert Sheard Insurance Agency, Inc., is a Louisiana corporation doing business in the state of Louisiana. Further, defendant Robert Sheard Insurance Agency, Inc., has been an authorized seller of goods and services provided by defendant Fidelity National Insurance Company. The remaining allegations of Paragraph IV are denied for a lack of information sufficient to justify a belief therein.

V.

Defendants admit that Robert Sheard was authorized to act on behalf of Robert Sheard Insurance Agency, Inc. when engaging in transactions with the plaintiffs. Defendants also admit that Robert Sheard is a director of the Robert Sheard Insurance Agency, Inc. The remaining allegations of Paragraph V are denied for a lack of information sufficient to justify a belief therein.

VI.

The allegations of Paragraph VI are denied for lack of information to justify a belief therein.

## JURISDICTION

VII.

Defendants admit that this Court has federal question jurisdiction over plaintiffs' claims under 28 USCA § 1331. To the extent that the allegations of Paragraph VII state legal conclusions, no answer is required. However, in an abundance of caution, the remaining allegations of Paragraph VII are denied.

## FACTS

"VIII"

This paragraph is misnumbered by plaintiffs as a second Paragraph VII. The allegations of Paragraph VIII are denied for lack of information to justify a belief therein.

IX.

The allegations of Paragraph IX are denied for a lack of information sufficient to justify a belief therein.

X.

The allegation of Paragraph X that the flood insurance policy provided building coverage is admitted. The remaining allegations of Paragraph X are denied.

XI.

The allegations of Paragraph XI are denied for a lack of information sufficient to justify a belief therein.

XII.

The allegations of Paragraph XII are denied for lack of information to justify a belief therein, except to admit that Hurricane Katrina made landfall in southeast Louisiana on August 29, 2005.

### XIII.

The allegations of Paragraph XIII are denied for lack of information to justify a belief therein.

### XIV.

The allegations of Paragraph XIV are denied for lack of information to justify a belief therein.

### XV.

The allegations of Paragraph XV are denied for lack of information to justify a belief therein.

### XVI.

The allegations of sentence one of Paragraph XVI are denied for a lack of information sufficient to justify a belief therein except to admit that all of defendants' client records and files located in defendants' offices were destroyed in the flood following Hurricane Katrina.

### XVII.

The allegations of Paragraph XVII are denied.

### XVIII.

The allegations of Paragraph XVIII are denied.

### XIX.

The allegations of paragraph XIX state a legal conclusion for which no answer is required. However, in an abundance of caution, the allegations of paragraph XIX are denied.

XX.

The allegations of Paragraph XX state a legal conclusion for which no answer is required. However, in an abundance of caution, the allegations of paragraph XX are denied.

XXI.

The allegations of Paragraph XXI state a legal conclusion for which no answer is required. However, in an abundance of caution, the allegations of paragraph XXI are denied.

XXII.

The allegations of paragraph XXII are denied and defendants deny that plaintiffs are entitled to a trial by jury.

The allegations of plaintiffs concluding Paragraph are denied in so much as a denial is necessary. Plaintiffs are not entitled to special damages, penalties, court costs, attorneys fees, legal interest or any other equitable relief.

**AFFIRMATIVE DEFENSES**

**THIRD DEFENSE**

At no time did the Plaintiffs ever have $240,000 in building coverage under their Standard Flood Insurance Policy ("SFIP"), and they never applied for contents coverage.

**FOURTH DEFENSE**

The risk premium rates are also published in the Code of Federal Regulations ("C.F.R."). Plaintiffs therefore knew or should have known that the amount of coverage desired by them could not be purchased for the amount of premium submitted by them.

## FIFTH DEFENSE

No evidence of any waiver such that any greater amounts could be paid to the plaintiffs has been presented.

## SIXTH DEFENSE

Only federal law controls the SFIP, claims and claims handling related issues. State law does not govern how a SFIP, which represents an obligation upon the U.S. Treasury, may be issued.

## SEVENTH DEFENSE

The named insured must submit the correct premium along with the application for the amount of coverage requested. Plaintiff failed to do so. See 44 C.F.R. §§61,5(b);61.11, and Art. I of the SFIP. See also Art. II, Definition of "Application".

## EIGHTH DEFENSE

The SFIP is not a valued policy as per Article II of the SFIP.

## NINTH DEFENSE

Plaintiffs never applied for, nor submitted any premium for contents coverage, and had no contents coverage at the time of the loss.

## TENTH DEFENSE

The Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution and the Separation of Powers Doctrine prohibit payment of Plaintiffs' claims in a manner not sanctioned by federal law.

## ELEVENTH DEFENSE

Plaintiffs recovery cannot exceed the statutory maximum of $250,000 between building coverage and increased costs of compliance coverage in accordance with Article III, Coverage D of the SFIP.

## TWELFTH DEFENSE

Out of an abundance of caution, and because defendants do not know exactly what damages the plaintiffs are seeking to recover in the instant matter, defendants assert the following provisions of the SFIP as affirmative defenses:

Article IV, sections (6), (8), (9) and (12);

Article V, section (A) and all sub-parts thereto; section (C) and all sub-parts thereto; section (D) and all sub-parts thereto; and section (F).

As further discovery may warrant and require, defendants reserve the right to assert additional exclusions or limitations on coverage.

## THIRTEENTH DEFENSE

To the extent that plaintiffs have sought and obtained payments for wind damages or other types of damage from any other policies of insurance or from any other sources either prior to, during or subsequent to the initiation of this lawsuit, defendants are entitled to an offset and credit for any amounts paid.

## FOURTEENTH DEFENSE

Defendants plead Article VII (G) of the SFIP and all sub-parts as an affirmative defense.

## FIFTEENTH DEFENSE

Out of an abundance of caution, defendants plead Article VII (J)(4) through (8) as affirmative defenses. Defendants also assert that Article VII (J)(9) of the SFIP is applicable only where the value of the claim is $7,500 or less, and plaintiffs' claim exceeds $7,500. In any event, plaintiffs did not comply with Article VII(J)(9).

### SIXTEENTH DEFENSE

The Federal Insurance Administration is the sole authority that can change, alter or interpret the underwriting or claims guidelines of the federal flood insurance program.

### SEVENTEENTH DEFENSE

The question of whether the plaintiffs are entitled to anything, and if so how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the Standard Flood Insurance Policy which is set forth at 44 C.F.R. Part 61, Appendix (1), together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

### EIGHTEENTH DEFENSE

The SFIP in question in this lawsuit was written by the United States Government (not these defendants), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Part 61, Appendix A(1). As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of the plaintiffs' allegations premised upon state law provisions, including but not limited to the prayer for attorney's fees, are completely preempted, unfounded and inapplicable.

### NINETEENTH DEFENSE

Any mortgage company must be listed as an additional named payee as per Article VII (Q) of the SFIP.

### TWENTIETH DEFENSE

Plaintiff failed to comply with "all" of the terms of the Policy as required as Article VII(R). As such, plaintiffs may not have the ability to pursue the instant litigation.

## TWENTY-FIRST DEFENSE

All state-law-based extra-contractual claims are preempted and barred by federal constitutional, regulatory and statutory law.

## TWENTY-SECOND DEFENSE

Any representations regarding the extent and scope of coverage which are inconsistent with the terms of the SFIP of the plaintiffs are void as a matter of federal law.  See 44 C.F.R. 61.5(e).

## TWENTY-THIRD DEFENSE

Given the various federal principles outlined within this Answer, defendants assert that plaintiffs have no viable claim for relief against these defendants

## TWENTY-FOURTH DEFENSE

Federal law expressly invalidates all oral and written binders in the context of the NFIP.  To the extent plaintiffs seek to claim any promises of the placement of coverage, such promises are invalid and unenforceable as a matter of federal law.  See also 44 C.F.R. §61.13(e).

## TWENTY-FIFTH DEFENSE

Federal law clearly provides that for a person to obtain an SFIP and thereby to participate in this program, they must submit an application on a form approved by FEMA, and, they must pay the full amount of premium in advance of the policy term.  In addition, except in limited circumstances provided for by federal law, all of this must happen more than 30 days before the loss occurs.  Given that the plaintiffs neither allege nor can prove these conditions precedent to the issuance of a federally backed National Flood Insurance Program Standard Flood Insurance Policy, plaintiffs can establish no claim whatsoever, regardless of whether their claim is couched in tort or in contract.

**TWENTY-SIXTH DEFENSE**

Pursuant to the Appropriations Clause, no recovery may be allowed the plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, defendants assert under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, defendants respectfully submit that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

**TWENTY-SEVENTH DEFENSE**

Plaintiffs did not rely on any alleged misrepresentations of any defendants or anyone for whom they might be legally responsible. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedent bars such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44C.F.R. Pt. 61, App. A(1), Art. VII(J)(5),(7), and (8).

## TWENTY-EIGHTH DEFENSE

There was no meeting of the minds to form a contract by and between the parties. As such, the SFIP is void and plaintiffs must return all amounts of U.S. Treasury benefits to which they are not entitled.

## TWENTY-NINTH DEFENSE

There was no duty owed by these defendants to the plaintiffs that gives rise to any claim; no breach of any duty by these defendants; no causation and no damages can be attributable to these defendants.

## THIRTIETH DEFENSE

These defendants are entitled to an offset for the percentage of liability and comparative fault attributable to the acts, errors or omissions of the plaintiffs, the co-defendants and any third party.

## THIRTY-FIRST DEFENSE

Defendants adopt by reference any and all affirmative defenses asserted by any other defendant in this action to the extent that such affirmative defense applies to these defendants.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are time barred pursuant to the applicable statute of limitations, including but not limited to La. R.S. 9:5606.

# ANSWER TO PLAINTIFFS' SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

I.

The allegations in Paragraph I of plaintiffs' Supplemental and Amending Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

II.

The allegations in Paragraph II of plaintiffs' Supplemental and Amending Complaint, amending paragraph VI of plaintiffs' Complaint for Damages, are denied except to admit that at all times material to plaintiffs' complaints Lexington Insurance Company was the insurer for defendants Robert Sheard and Robert Sheard Insurance Agency, Inc.

III.

The allegations of the paragraphs added by plaintiffs' Supplemental and Amending Complaint for Damages under Paragraph III are denied for lack of information to justify a belief therein, this specifically includes paragraphs numbered as XXIII through XXXI.

IV.

Defendants allege and re-aver all of their answers and defenses to plaintiffs' Complaint for Damages as if included herein *in extenso*.

**CONCLUSION**

**WHEREFORE** defendants pray that all claims of the plaintiffs against Robert Sheard Insurance Agency, Inc., and Robert Sheard be dismissed with prejudice and with all costs taxed to the plaintiffs.

Respectfully Submitted,
**BEST KOEPPEL, APLC**

BY: ___*/s/ Susan R. Laporte*___
**PETER S. KOEPPEL (#1465)**
**SUSAN R. LAPORTE (#19671)**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

**Attorneys for Defendants,**
**Robert Sheard Insurance Agency,**
**Inc., and Robert Sheard**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| **Counsel for Plaintiffs:** | **Counsel for Defendant:** |
|---|---|
| **Sean and Silvia Goodman** | **Fidelity National Insurance Company** |
| J. Douglas Sunseri, Esq. | Thomas Christopher Pennebaker, Esq. |
| Dawn Danna Marullo, Esq. | Dorothy L. Tarver, Esq. |
| Svetlana V. Crouch, Esq. | Gerald J. Nielsen, Esq. |
| Nicaud Sunseri & Fradella | Nielsen Law Firm |
| 3000 18th Street | 3838 North Causeway Blvd., Suite 2850 |
| Metairie, LA 70002 | Metairie, LA 70002 |