UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN GOODMAN ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-3799 |
| FIDELITY NATIONAL INSURANCE COMPANY ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Fidelity National Insurance Company's Motion to Quash Jury Demand, Record Doc. No. 64, set for hearing on August 13, 2008 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appears to the court that the motion has merit in part.

In circumstances virtually identical to the instant case, Judge Carl L. Barbier of this court recently summarized the law as follows:

> This lawsuit arises out of damages caused by flood waters that inundated the city of New Orleans following Hurricane Katrina. [Defendant] is a "Write Your Own" flood insurance provider appearing in this suit as a "fiscal agent of the United States."
> Defendant . . . filed this motion to quash the jury demand . . . . The motion is unopposed.

> The Seventh Amendment to the United States Constitution preserves the right to a jury trial for civil suits at law where the amount in controversy exceeds twenty dollars.  U.S. CONST. amend. VII.  However, it is well[-]settled law, that the right to a jury trial does not apply in actions to recover funds from the United States Treasury.  Lehman v. Nakshiam, 453 U.S. 156, 180 (1981).
>
> A suit against a WYO flood insurance provider is the functional equivalent of a suit against FEMA, and flood insurance claims are ultimately paid by FEMA out of the United States treasury.  Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161 (3d Cir. 1998).  Additionally, WYO insurers are defined by statute as fiscal agents of the United States.  42 U.S.C. § 4071(a)(1).  Courts in this district and elsewhere have concluded that "when a claimant brings an action under 42 U.S.C. § 4072 against . . . a WYO for coverage on the policy or disputes regarding terms of the policy a right to a jury trial is denied."  Schrempp v. Liberty Mut. Fire Ins. Co., Nos. 06-9240, 06-10521, 2007 WL 2174629, at *1 (E.D. La. July 25, 2007) (Berrigan, C.J.); Latz v. Gallagher, 550 F. Supp. 257 (W.D. Mich. 1982); Kolner v. Director, FEMA, 547 F. Supp. 828, 830 (N.D. Ill. 1982).
>
> Therefore Plaintiffs do not have a right to a trial by jury on their flood claims.  However, plaintiffs do retain the right to a jury for other matters not related to flood claims.FN1
>
> FN1.  Plaintiffs have asserted claims for common law negligent misrepresentation and common law fraud.

Troyer v. Allcat Claims, LLC, No. 06-7821, 2007 WL 2900353 (E.D. La. Sept. 28, 2007) (Barbier, J.); accord Gallup v. Omaha Prop. & Cas. Ins. Co., No. 03-3476, 2004 WL 2435002, at *2-4 (E.D. La. Oct. 29, 2004) (Duval, J.)

In the instant case, plaintiffs' original complaint asserts a breach of contract claim against Fidelity under the flood insurance policy.  The complaint, which names three other defendants in addition to Fidelity, also asserts state law causes of action for

detrimental reliance, tort liability, misrepresentation and errors and omissions liability. It is not entirely clear from the complaint whether all of these state law causes of action are asserted against Fidelity as well as against the other named defendants, but it appears that plaintiffs are asserting at least one of these state law causes of action against Fidelity.

Accordingly, **IT IS ORDERED** that Fidelity's motion to quash the jury demand is GRANTED IN PART and the jury demand is quashed as to plaintiffs' breach of contract claim against Fidelity. To the extent that plaintiffs are asserting any extra-contractual claims against Fidelity, the motion is DENIED IN PART as to those claims.

Trial by jury will proceed on plaintiffs' extra-contractual claims against Fidelity, if any, and on plaintiffs' claims against all other defendants, as previously scheduled.

New Orleans, Louisiana, this ___13th___ day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE