UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEAN GOODMAN ET AL.                          CIVIL ACTION

VERSUS                                       NO. 06-3799

FIDELITY NATIONAL                            MAGISTRATE JUDGE
INSURANCE COMPANY ET AL.                     JOSEPH C. WILKINSON, JR.

## ORDER ON MOTION

Defendants, Robert Sheard, Robert Sheard Insurance Agency, Inc. (collectively "Sheard") and Sheard's errors and omissions insurer, Lexington Insurance Company, filed a Motion in Limine to Preclude Plaintiffs' Testimony Regarding Mental Anguish and Bodily Injury. Record Doc. No. 53. Plaintiffs, Sean and Silvia Goodman, filed a timely opposition memorandum. Record Doc. No. 62. For the following reasons, IT IS ORDERED that the motion is DISMISSED AS MOOT IN PART AND DENIED IN PART, as follows.

Plaintiffs made no claim for bodily injury in their complaint, as amended, and they do not argue in their opposition memorandum that they have made such a claim. Accordingly, defendants' motion is dismissed as moot to the extent it contends that testimony should be excluded as to plaintiffs' nonexistent claim for bodily injury. No claim for bodily injury will be submitted to the jury.

The motion is denied insofar as it seeks to preclude plaintiffs' testimony concerning mental anguish and stress.  Defendants argue that the Goodmans should be precluded from offering evidence of the mental anguish or stress they have experienced since Hurricane Katrina because (1) plaintiffs have produced no evidence and listed no medical witnesses to testify concerning any diagnosed, stress-related illness causally related to their claims against these defendants, and (2) plaintiffs' claim for recovery for mental anguish arising from property damage does not fall within the limited situations when such recovery is allowed under Louisiana law.

As to their first contention, defendants have cited no law holding that plaintiffs must produce medical evidence to establish their mental anguish.  To the contrary, under Louisiana law, plaintiffs' testimony alone may suffice to prove this type of damages.

> While expert medical evidence is sometimes essential, it is self-evident that, as a general rule, whether the defendant's fault, was a cause in fact of a plaintiff's personal injury or damage may be proved by other direct or circumstantial evidence.  "Where the conclusion is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn.  But on medical matters within common knowledge, no expert testimony is required to permit a conclusion as to causation."

Lasha v. Olin Corp., 625 So. 2d 1002, 1005 (La. 1993) (quoting Prosser, Torts § 41, at 269 (5th ed. 1984)) (additional citation omitted) (emphasis added); see also Johnson v. First Nat'l Bank, 792 So. 2d 33, 51 (La. App. 3d Cir. 2001) (quoting Lasha, 625 So. 2d

1002, 1005 (La. 1993)) (citing <u>Johnson v. Insurance Co. of N. Am.</u>, 454 So. 2d 1113 (La. 1984); <u>Aycock v. City of Shreveport</u>, 535 So. 2d 1006 (La. App. 2d Cir. 1988)) (Plaintiff's testimony "regarding his hypertension and mental anguish was uncontradicted. Where testimony is uncontradicted, and there is no reason to doubt a witness'[s] testimony, such testimony should be accepted by the trier of fact. A <u>plaintiff need not offer expert evidence</u> to show a 'reasonable medical certainty' in order to prove causation.") (emphasis added); <u>Sherwin-Williams Co. v. First La. Const., Inc.</u>, 915 So. 2d 841, 847 (La. App. 1st Cir. 2005) (In a legal malpractice action, damages were awarded for mental anguish based solely on plaintiffs' testimony "about the disruption to their lives and the stress they have endured as a result of [the attorney's] negligence."); <u>Louisiana Farms v. Louisiana Dep't of Wildlife & Fisheries</u>, 685 So. 2d 1086, 1110 (La. App. 3d Cir. 1996) (In a state law tort claim of wrongful seizure of plaintiffs' property, mental anguish damages were awarded based solely on plaintiffs' testimony.). Thus, defendants' argument that plaintiffs' evidence should be precluded on this basis is not supported by the law.

Second, it is well established that damages for "mental anguish, aggravation, distress and inconvenience are recoverable in tort actions under La. Civ. Code art. 2315." <u>Id.</u> (citing <u>Gele v. Markey</u>, 387 So. 2d 1162, 1164 (La. 1980); <u>Meador v. Toyota of Jefferson, Inc.</u>, 332 So. 2d 433 (La.1976)).

Defendants cite <u>Gaynor v. State Farm Mut. Auto. Ins. Co.</u>, 727 So. 2d 1279 (La. App. 4th Cir. 1999), for the proposition that plaintiffs should not be allowed to proffer evidence of mental anguish concerning their claim for damages to their property. The court in <u>Gaynor</u> identified

> four situations when a mental anguish award can result from property damage. The situations are:
> (1) When property is damaged by an intentional or an illegal act;
> (2) When property is damaged by an act for which the tortfeasor will be strictly liable or absolutely liable;
> (3) When property is damaged by acts constituting a continuing nuisance;
> (4) When property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result.

<u>Id.</u> at 1281-82 (citing <u>Blache v. Jones</u>, 521 So. 2d 530, 531 (La. App. 4th Cir. 1988) ("citing a long line of Louisiana jurisprudence")).

Sheard and Lexington argue that, because the Goodmans' property damages do not fall within any of these four categories, they are precluded from introducing evidence of emotional damages. Plaintiffs respond that they fall within the fourth category because Mr. Goodman stayed on the insured property during Hurricane Katrina and witnessed his property being destroyed.

Both defendants and plaintiffs are incorrect. <u>Gaynor</u> and the case law on which it relies are not on point. That line of cases applies only when the <u>property damage was caused by the alleged tortfeasor</u>. In the instant case, plaintiffs' property was damaged by

4

Hurricane Katrina and the levee breaches, <u>not by defendants' allegedly tortious conduct</u>. It is true that part of the quantum of damages that plaintiffs seek to recover from all defendants is equal to the amount of their property damage. However, plaintiffs' causes of action against Sheard and Lexington are not for causing the damage to their property, but for breach of fiduciary duty, detrimental reliance, misrepresentation, and errors and omissions liability based on Sheard's failure to procure the amount of flood insurance coverage they had requested, which resulted in the flood policy being inadequate to cover their actual property damages.

Accordingly, defendants' motion in limine to exclude plaintiffs' testimony of mental anguish and stress is denied. Plaintiffs may recover such damages to the extent they prove that such damages were legally caused by the fault they have alleged was committed by defendants.

New Orleans, Louisiana, this  18th  day of August, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE